### Teissonnier *v.* Barnés.

### Appeal from the District Court of Ponce.

No. 37.—Decided March 23, 1905.

Interdict to Retain or Recover Possession.—In accordance with the former law of Civil Procedure interdicts to retain or recover possession would issue

when a person in possession of or holding a thing had been disturbed therein by acts showing an intention to disturb him in such possession or dispossess him, or when he had already been dispossessed.

ID.—OBJECT.—The object of both interdicts was to re-establish (by means of a summary proceeding wherein the defendant was always heard) a person in the possession in which he had been disturbed by the acts of a third person who violently or clandestinely and on his own authority performed the acts constituting the disturbance or dispossession.

ID.—QUESTION OF PUBLIC ORDER—POSSESSION GIVEN BY A COMPETENT COURT.— Both interdicts were based on reasons and principles of public order, so that he who, believing himself with the better right to the possession of the property, entered upon it of his own authority and disseised or disturbed the possessor, the interdict would issue; but if instead of so doing he petitioned for its possession before a proper court, and the court granted his petition and gave him possession, there was no longer a question of public order, and consequently the interdict would not issue.

ID.—Sections 443 and 448 of the Civil Code should be interpreted in conformity with the doctrine enunciated in the preceding paragraph; that is, the interdict would issue or not, depending upon whether the defendant had proceeded on his own authority or under the protection of judicial authority in the exercise of a legal right.

The facts are set forth in the opinion.

*Mr. Sandalio Torres,* for appellant.

The respondent did not appear.

MR. CHIEF JUSTICE QUIÑONES delivered the opinion of the court.

This is an interdict to retain possession of certain lands, originally instituted in the former District Court of Ponce and afterwards continued in the new district court of that city, by Julián Polidoro Teissonnier against Francisco Barnés Vallenilla, and has come before this Supreme Court on an appeal taken by the plaintiff from the judgment rendered on July 25th last by Judge Tous Soto of said district court dismissing the proceedings with the costs against the plaintiff.

The facts in this case are as follows:

On February 10th of last year Attorney Luis Llorens Torres, on behalf of Julián Polidoro Teissonnier, an agriculturist, widower, of age and a resident of Ponce, filed a complaint which is the origin of these summary proceedings, alleging that his client had been in possession as owner of a

number of rural estates situated in the *barrio* of Machuelo Arriba of the municipal district of Ponce, having the area and other conditions described; that he had been in the quiet and peaceful possession of these estates for nearly thirty-three years, until two days prior to the filing of the complaint; that is to say, on February 8th when he was disturbed in the possession which he had been enjoying, by Ventura Barnés who, claiming to be the owner of said rural estates, had entered thereon together with Francisco Arjona, a surveyor, employed by that municipality. Rogelio Castillo, a municipal policeman, another policeman, and Juan Martínez, a laborer, and entering the house on said estate, the door of which was closed, although the key was not turned in the lock, took up his residence therein, and had the laborer who accompanied them place the saddles of the horses they rode in one of the rooms of the house, announcing that he was going to begin the survey of the land; and this he began the same day, continuing the work on the day following, leaving the care of said lands in charge of the laborer, Juan Martínez. The plaintiff added that all these acts had taken place under the custody and protection of the municipal police and in the name and by order of Francisco Barnés Vallenilla.

The witnesses produced by the plaintiff having been heard, and the facts set forth in the complaint having been established, a day was set for the oral trial at which Julio Ma. Padilla, counsel for the defendant, denied the acts charged by the plaintiff, asserting that the defendant (plaintiff?) was not on the estate in the capacity of an owner; that it was also untrue that he had been in possession thereof for thirty years, and that the acts of Barnés on said estate did not constitute dispossession as he had been given judicial possession thereof, by virtue of an adjudication made to him by said court of Ponce in execution proceedings which Barnés had prosecuted against Matías Modesta Rohee, for the collection of a mortgage credit.

The evidence having been admitted and some of that proposed having been taken, the parties presented a stipulation to the court, signed by their respective counsel, which reads as follows:

"In the District Court of Ponce.—Julián Teissonnier *v.* Francisco Barnés.—Interdict.—Said plaintiff and defendant, through their counsel, appear and state that they agree on the following facts: The estates separately described in the complaint adjoin each other and form a single tract; that the plaintiff was in possession of said property when the defendant performed the acts which the former qualifies as dispossession, and that he had been in the actual possession thereof for more than one year. That the acts upon which the complaint is based were performed by the defendant after he had been given judicial possession of the estates, and by virtue of such possession which was given him by reason of such estates having been adjudicated to him by the former court of this city in execution proceedings for the collection of a mortgage debt which he prosecuted against Modesta Rohee. Therefore, we pray Your Honor, that after the arguments of counsel you decide this action without considering other acts not included in this stipulation. Ponce, July 21, 1904. Respectfully, Julio Ma. Padilla, Luis Llorens Torres."

In view of this stipulation, after having heard counsel for the parties, Judge Tous y Soto rendered the following judgment:

"In the city of Ponce, July 25, 1904, the 21st of said month and year having been set for the hearing of this cause, the parties being present on that day through their counsel, Luis Llorens Torres for the plaintiff and Julio Ma. Padilla for the succession of the defendant, Francisco Barnés, they stated that they were prepared for the hearing, presenting for this purpose a written stipulation upon the points in litigation in order that judgment might be rendered on the merits of the case. After hearing the arguments of the parties the court is of the opinion, for the reasons set forth elsewhere, that the law and the facts are in favor of the defendant estate and, therefore, judgment is rendered in favor of said defendant, the complaint being dismissed, with the costs amounting to———against the plain-

tiff, execution to issue against his property to enforce payment thereof.''

And the opinion to which said judgment refers reads as follows:

"In the District Court of Ponce, Porto Rico. Year 1904. First Term. Julián Polidoro Teissonnier v. the Estate of Francisco Barnés. No. 30. Interdict to retain possession. Opinion. In this case the complaint is based on the allegation that the defendant, less than a year ago, entered upon an estate of which the plaintiff was in actual possession, performing thereon acts of possession and ownership. At first sight, the conditions required by law for the successful prosecution of an interdict to retain possession appear to be present, namely, actual possession, disturbance, and the lapse of less than a year since the acts of disturbance took place. But if it be considered that the defendant is the owner of the estate held or possessed without a title thereto by the plaintiff, and that the acts of possession performed thereon have been the consequence of the judicial possssion granted him by the District Court of Ponce, as the purchaser of mortgaged estates judicially sold for the payment of the mortgagee, we are forced to the conclusion that there has been no disturbance in the possession of said property. It is true that the law is deficient in this respect, but Article 1560 of the former Civil Code defines what the legislator understands by a real disturbance. It provides: 'That there is no real disturbance when the third person, either the Administration or an individual, acts under a right which corresponds to him.' Thus the plaintiff recognized the right of ownership of the defendant, and that the latter entered upon the possession of the estate in question under the protection of a judicial order; hence there has been no real disturbance as a ground for the interdict. It is true that the article cited is included among the provisions relating to leases; but there is nothing to prevent a generalization of the doctrine therein embodied to all other similar cases. This is recognized by the writers Mucius Scevola (Civil Code, volume 8, p. 377) and Martínez Alcubilla (Diccionario de Administración, vol. 6. p. 1139). And such opinion must be the proper one, if it be considered that our Civil Code takes as a basis the Roman possessory doctrine, and that the real basis of possessory protection in Roman law and in the legislation of Continental Europe and Latin-America, which is derived from the former, is to be found in the doctrine of

Ihering, which has prevailed over other possessory theories, including that of Savigny, enunciated as follows: 'The protection of one in the possession of a thing as an external evidence of ownership is a necessary complement of the protection of one in the ownership of a thing, as a means of proof in favor of the owner, which necessarily benefits one who is not an owner.' (R. von Ihering, Theory of Possession. Version of Adolfo Posada, p. 57.) This must be so, we repeat, because if the possessor is protected as the presumptive owner, the presumption cannot be extended to grant him protection against the real owner, acknowledged by him to be such, and who has entered upon the possession by legal means. Although it may be desired to reject the possessory theory of Ihering and to accept that of Savigny, for whom the interdiction of violence is the end of the possessory actions called interdicts and the real basis of possession, this doctrine would not benefit the plaintiff because there is no violence which authorizes the interdict. The plaintiff has alleged that the judicial possession granted to the plaintiff is understood to be without prejudice to a third person having a better right, and, therefore, that he cannot be prejudiced by said possession; but can the plaintiff whose title is unknown have a better right than the owner who has obtained his title by judicial purchase? This has not been shown, nor has any attempt been made to prove it. For the reasons stated, it is the opinion of the undersigned judge that this interdict should be dismissed. Ponce, July 25, 1904. José Tous Soto, District Judge.''

From the judgment rendered by Judge 'Tous Soto, counsel for the plaintiff, Julián Polidoro Teissonnier, took an appeal within the legal period, and notice thereof having been given to counsel for the respondent, counsel for the appellant appeared before this court, and the record having been delivered to him for his examination he presented his argument, citing the following as legal grounds for his appeal: Articles 1629 and 1649 of the former Law of Civil Procedure in support of the propriety of the interdict to retain or recover possession, when the person in the actual possession of the thing is disturbed therein by acts manifesting an intention of disturbing him therein or depriving him thereof, or if he had already been disposed; and sections 355, 443 and 448 of the Civil Code in force, the first, because when a just cause

of public utility is not present, to permit a person to be deprived of his property by order of a competent authority and always after the proper compensation, the courts are obliged to protect and, in a proper case, to restore the person dispossessed to the possession of the thing from which he has been so dispossessed; the second, because in no case can possession be acquired by violence as long as there is a possessor opposed thereto; and the third, because every possessor has the right to be respected in his possession and, if disturbed therein, he must be protected or restored to said possession by the means established by the laws of procedure.

As the respondent did not appear a day was set for the hearing which was held without the attendance of counsel for either side.

Now then, in view of these facts the question to be decided by this Supreme Court is reduced to determining whether upon the facts acknowledged by the parties and their counsel in their stipulation of July 21, 1904, the interdict instituted by the plaintiff, Julián Polidoro Teissonnier, should be granted.

The undersigned justice believes that it should not.

According to Article 1649 of the former Law of Civil Procedure under which this interdict has been prosecuted, which is precisely one of the legal grounds cited by counsel for the appellant in his brief, interdicts to retain or recover possession will be granted when the person having the actual possession of a thing shall have been disturbed therein by acts showing an intention to disturb him therein or deprive him of the same, or when he had already been deprived of such possession. The purpose of both interdicts was to reestablish by means of a brief and summary proceeding, but in which the adverse party was always given a hearing, the possessory status disturbed by the acts of a third person who, violently or clandestinely, on his own authority, should have performed the acts of disturbance or dispossession, the judge protecting

the possessor in the first case, with the proper admonitions to the disturber, in order that he should thereafter abstain from committing similar acts; or restoring him to possession, if really deprived thereof, and adjudging the dispossessor to pay the costs, loss and damage and to pay for the fruits gathered.

According to the general opinion of our writers, among them the learned commentator on the Law of Civil Procedure, Manresa y Navarro, both interdicts were based on reasons and principles of public order which are the fundamental rules for the government of society, and sanctioned by our ancient and modern laws, to the effect that every possessor has the right to be respected in his possession, that it is not proper for one to administer justice himself, because it is for this purpose that the courts are provided. So that if in contravention of these principles a person believing himself to have a better right to the possession of a property should enter thereon upon his own authority and dispossess the possessor or disturb him in his possession, then the law would come with the remedy of the interdict to reestablish the social order disturbed, restoring things to the condition in which they were before the disturbance or the dispossession took place; but if instead of doing this he appealed to the judge and the latter, availing himself of his authority, placed him in possession, then there would be no more ground for the interdict as there would not longer exist any real disturbance of public order, without prejudice to the right which the possessor might have to be respected in his possession, and of which he could make use either by applying to the judge to set aside his order, if he believed the possession to have been improperly given, or by having recourse to the proper judicial proceedings and contest with his adversary as to the ownership of the thing, or the better right to the possession thereof. The best confirmation of this doctrine is found in section 443 of the Civil Code in force, which is precisely

one of those cited by counsel for the appellant in his brief.

The first part of this section being the only part quoted by counsel for Teissonnier in his brief provides that: "In no case can possession be forcibly acquired, so long as a possessor is opposed thereto;" but then it adds: "Any person who believes that he has a right or action to deprive another of the holding of a thing, shall petition the assistance of the competent authorities, provided the holder refuses to deliver up the said thing." So that, if in obedience to this legal provision one who believes himself to have a better right to the possession of a thing may resort to a court and petition it for its delivery, and the court may grant the petition, and give him possession, in which case there is no violence or disturbance and consequently an interdict would not lie.

Section 448 of said Civil Code must also be understood in the same sense, in relation with the matter under discussion; it is also cited by counsel for the appellant in his petition and is intimately related to the former. "Every possessor (says this section) has a right to be respected in his possession; and if he be disturbed therein, he shall be protected or reinstated in such possession by the means established in the laws of procedure." The remedies established by the former Law of Civil Procedure in these cases were the interdicts to retain or recover possession, which lie or not, as we have seen, according to whether the defendant as the author of the disturbance or dispossession had proceeded on his own authority or in the exercise of a legitimate right, recognized and protected by a judicial order.

It is unnecessary to speak of the other section of said Civil Code, section 355, cited in the brief for the appellant, because it does not apply to the case under discussion.

Now then, according to the facts acknowledged by the parties in their stipulation of July 21, 1904, Barnés had prosecuted execution proceedings in the District Court of Ponce for the recovery of a mortgage credit, against Martías Mo-

desta Rohee, and the rural estate involved in this interdict having been adjudicated to him in payment, he petitioned and obtained from the court judicial possession; and this being the case, it is clear that the interdict instituted against him by Teissonnier as the possessor of said estate had no legal basis or ground and should have been dismissed as it was, with costs.

For these reasons, the undersigned justice is of the opinion that the judgment appealed from should be affirmed, with the costs against the appellant.

*Affirmed.*

Justices Hernández, Figueras and MacLeary concurred.

Mr. Justice Wolf did not sit with the court in the hearing of this case.